# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARL ANDERSON, ) | |
| on behalf of himself and a class, ) | |
| ) | |
| Plaintiff, ) | 16-cv-3188 |
| ) | |
| vs. ) | |
| ) | |
| CMRE FINANCIAL SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]

Plaintiff, Carl Anderson ("Plaintiff" or "Anderson"), respectfully requests that this Court enter an order determining that this action, brought under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), may proceed as a class action against defendant CMRE Financial Services, Inc. ("CMRE").

Plaintiff seeks to certify a class consisting of (a) all individuals with Illinois addresses (b) with respect to whom defendant reported a medical debt to a credit bureau (c) without notifying the person prior to or within 30 days after the report (d) where the report was made on or after a date one year prior to the filing of this action and ending 21 days after the filing of this action.

In support of this motion, plaintiff Carl Anderson states as follows:

## NATURE OF THE CASE

1. This action concerns attempts to collect an alleged medical debt owed to "Kirby Emergency Physicians." Any such debt would have been incurred, if at all, for personal, family or household purposes.

---

[1] Appendices referenced are attached to Memorandum in Support of Plaintiff's Motion for Class Certification.

2. Plaintiff is not the patient or a person responsible for paying the patient's debt.

3. In July 2015, defendant reported the debt to the Experian credit reporting agency as pertaining to plaintiff. Experian placed the debt on plaintiff's credit report. (Appendix A).

4. Defendant reported the debt to coerce payment. Reporting a debt to a credit bureau is "a powerful tool designed, in part, to wrench compliance with payment terms. . . ." *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993).

5. Defendant states on its web site (www.cmrefsi.com/collections.html) that its collection services include "Reporting to Experian (formerly TRW) and TransUnion".

6. Defendant did not notify plaintiff before or contemporaneously with credit reporting.

7. Plaintiff did not discover the report for months.

8. Plaintiff expended time and money removing the item from his credit report.

9. Plaintiff was harassed and aggravated as a result.

10. It is a common practice for collection agencies such as defendant to "park" debts on credit reports, especially medical debts. A December 2014 report by the Consumer Financial Protection Bureau, "CFPB Spotlights Concerns with Medical Debt Collection and Reporting," states:

> Opaque practice of collecting debt by "parking" it on credit reports: It is not uncommon for debt collectors to "park" medical debts on credit reports as a way to get consumers to pay. This means debt collectors may not notify the consumer that they have an overdue debt or give them an opportunity to pay it before it goes on the credit report. Some collectors deploy this tactic to avoid going through the expense or hassle of contacting consumers. Consumers may discover the debt on their reports, worry about it, then contact the collector and pay it. In some cases these debts are paid by insurers once they have processed the claims, but consumers may already have been harmed.

11.     The Federal Trade Commission has determined [(http://www.ftc.gov/opa/2012/01/asset.shtm)](http://www.ftc.gov/opa/2012/01/asset.shtm) that the subject of a credit report should be notified within 30 days, in an early 2012 consent decree with Asset Acceptance. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC*, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).  The consent decree (par. V) provides "IT IS FURTHER ORDERED that Defendant, and its officers, agents, servants, employees, and all persons or entities in active concert or participation with any of them who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, in connection with collecting or attempting to collect debts, are hereby permanently restrained and enjoined from failing to provide, to any consumer about whom Defendant reports negative information to any consumer reporting agency, a written notice no later than thirty (30) days after furnishing such negative information. For purposes of this Part, Defendant shall no longer be deemed to have provided written notice if the notice is returned to Defendant as undeliverable."  Such notice gives the consumer the opportunity to pay the debt if it is theirs or dispute it if, as in the present case, it is not theirs.

**CLASS CERTIFICATION REQUIREMENTS**

12.     All requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been met.

13.      Based on information and belief, the classes are so numerous that joinder is impracticable.

14.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

The predominant common question is (a) whether defendant "parks" debts on credit reports without notifying the consumer and (b) whether such practice violates the FDCPA.

15. Plaintiff Carl Anderson's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

16. Plaintiff Carl Anderson will fairly and adequately represent the interests of the class members. He has retained counsel experienced in consumer credit and debt collection abuse cases. (Appendix B)

17. A class action is superior for the fair and efficient prosecution of this matter, in that: (a) individual actions are not economically feasible; (b) members of the class are likely to be unaware of their rights; and (c) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

18. In further support of this motion, Anderson submits the accompanying memorandum of law.

19. Plaintiff is filing a class motion with the complaint under *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), and to avoid any "other defenses" as described by the Seventh Circuit in *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015). While the *Chapman* court overruled the mootness issue expressed in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), the court specifically cautioned that:

> Rejecting a fully compensatory offer may have consequences other than mootness, however. As we put it in *Greisz v. Household Bank*, 176 F.3d 1012, 1015 (7th Cir.1999), "[y]ou cannot persist in suing after you've won." Although even a defendant's proof that the plaintiff has accepted full compensation ("accord and satisfaction" in the language of Rule 8(c)(1)) is an affirmative defense rather than a jurisdictional bar, the conclusion that a particular doctrine is not "jurisdictional" does not make it vanish. The question raised by *Greisz* and similar opinions is whether a spurned offer of complete compensation should be deemed an affirmative defense, perhaps in the nature of an estoppel or a waiver. That would be consistent with Rule 68, which is designed for offers of

compromise (the normal kind of settlement) rather than offers to satisfy the plaintiff's demand fully. Cost-shifting under Rule 68(d) is not necessarily the only consequence of rejecting an offer, when the plaintiff does not even request that the court award more than the defendant is prepared to provide.

*Chapman v. First Index, Inc*., 796 F.3d 783, 787 (7th Cir. 2015). Despite the recent ruling by the Supreme Court in *Gomez v. Campbell-Ewald Company*, No. 14-857, 2016 WL 228345 (Jan. 20, 2016) holding that an unaccepted offer of judgment does not moot a class action, a question remains as to "whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id*. at *8. Consequently, plaintiff submits that the interests of the class are best protected filing of a class motion.

WHEREFORE, for the reasons stated above and in plaintiff's supporting memorandum, this Court should certify this case as a class action.

> Respectfully submitted,
>
> s/Daniel A. Edelman
> Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Sarah M. Barnes
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

   I, Daniel A. Edelman, hereby certify that on March 14, 2016, I caused to be filed the foregoing document with the Clerk of the Court using the CM/ECF System, and shall cause to be served, as soon as service may be effectuated, a true and accurate copy of such filing via hand-delivery upon the following:

  CMRE Financial Services, Inc.
  c/o CT Corporation System
  208 South LaSalle Street, Suite 814
  Chicago, IL 60604

                   s/Daniel A. Edelman
                   Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Sarah M. Barnes
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service: courtecl@edcombs.com