**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARL ANDERSON, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) Case No. 16-cv-3188 |
| v. | ) ) Judge: John W. Darrah |
| CMRE FINANCIAL SERVICES, INC., | ) ) |
| Defendant. | ) ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, CMRE FINANCIAL SERVICES, INC., by and through its undersigned attorneys, in answer to Plaintiff's Complaint, states as follows:

### INTRODUCTION

1. Plaintiff Carl Anderson brings this action to secure redress from unlawful credit and collection practices engaged in by defendant CMRE Financial Services, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**ANSWER:** **Defendant admits that Plaintiff brings this action for purported violations of the FDCPA but denies that Plaintiff has any such claims herein.**

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

**ANSWER:** **Defendant admits that Plaintiff brings this action for purported violations of the FDCPA but denies that Plaintiff has any such claims herein. Defendant admits that this Court generally has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.**

3. Venue and personal jurisdiction in this District are proper because defendant's collection activities impacted plaintiff within this District and defendant does or transacts business within this District.

**ANSWER:** Defendant does not contest venue.

## PARTIES

4. Plaintiff Carl Anderson is an individual who resides in the Northern District of Illinois.

**ANSWER:** **Upon information and belief, Defendant admits that Plaintiff is an individual. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

5. Defendant CMRE Financial Services, Inc., is a California corporation with its principal place of business at 3075 E. Imperial Hwy., #200, Brea, CA 92821. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER:** **Defendant admits the allegations in this paragraph.**

6. CMRE Financial Services, Inc. is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

**ANSWER:** **Defendant admits the allegations in this paragraph.**

7. CMRE Financial Services, Inc. is a debt collector as defined in the FDCPA.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

## FACTS

8. Defendant has been attempting to collect from plaintiff an alleged medical debt owed to "Kirby Emergency Physicians." Any such debt would have been incurred, if at all, for personal, family or household purposes.

**ANSWER:** **Defendant admits that it attempted to collect an outstanding financial obligation a debtor by the name Carl Anderson owed to Kirby Emergency**

131349990v1 0985146

**Physicians. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

9. Plaintiff is not the patient or a person responsible for paying the patient's debt.

**ANSWER: Upon information and belief, Defendant admits the allegations in this paragraph.**

10. In July 2015, defendant reported the debt to the Experian credit reporting agency as pertaining to plaintiff. Experian placed the debt on plaintiff's credit report. (Exhibit A).

**ANSWER: Upon information and belief, Defendant admits that it reported information to Experian regarding a patient who is not Plaintiff. Upon information and belief, Experian erroneously placed the credit reporting information for Defendant's patient on Plaintiff's credit report. Defendant denies the remaining allegations in this paragraph.**

11. Defendant reported the debt to coerce payment. Reporting a debt to a credit bureau is "a powerful tool designed, in part, to wrench compliance with payment terms. . . ." Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993).

**ANSWER: This paragraph contains legal conclusions to which no response is required. To the extent a response is needed, Defendant denies the allegations of this paragraph.**

12. Defendant states on its web site (www.cmrefsi.com/collections.html) that its collection services include "Reporting to Experian (formerly TRW) and TransUnion".

**ANSWER: Upon information and belief, Defendant admits the allegations in this paragraph.**

13. Defendant did not notify plaintiff before or contemporaneously with credit reporting.

**ANSWER: Objection. Defendant specifically objects to the term "notify" as vague and unknowable and not sufficiently defined so as to ascertain a proper answer.**

**Subject to and without waiving said objections, Defendant admits the allegations in this paragraph because Plaintiff is not the debtor about whom Defendant reported credit information to the bureaus.**

14. Plaintiff did not discover the report for months.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

15. Plaintiff expended time and money removing the item from his credit report.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

16. Plaintiff was harassed and aggravated as a result.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

17. It is a common practice for collection agencies such as defendant to "park" debts on credit reports, especially medical debts. A December 2014 report by the Consumer Financial Protection Bureau, "CFPB Spotlights Concerns with Medical Debt Collection and Reporting," states:

Opaque practice of collecting debt by "parking" it on credit reports: It is not uncommon for debt collectors to "park" medical debts on credit reports as a way to get consumers to pay. This means debt collectors may not notify the consumer that they have an overdue debt or give them an opportunity to pay it before it goes on the credit report. Some collectors deploy this tactic to avoid going through the expense or hassle of contacting consumers. Consumers may discover the debt on their reports, worry about it, then contact the collector and pay it. In some cases these debts are paid by insurers once they have processed the claims, but consumers may already have been harmed.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

131349990v1 0985146

18. The Federal Trade Commission has determined that the subject of a credit report should be notified within 30 days, in an early 2012 consent decree with Asset Acceptance. United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.). The consent decree (par. V) provides "IT IS FURTHER ORDERED that Defendant, and its officers, agents, servants, employees, and all persons or entities in active concert or participation with any of them who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, in connection with collecting or attempting to collect debts, are hereby permanently restrained and enjoined from failing to provide, to any consumer about whom Defendant reports negative information to any consumer reporting agency, a written notice no later than thirty (30) days after furnishing such negative information. For purposes of this Part, Defendant shall no longer be deemed to have provided written notice if the notice is returned to Defendant as undeliverable." Such notice gives the consumer the opportunity to pay the debt if it is theirs or dispute it if, as in the present case, it is not theirs.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

## COUNT I – FDCPA - INDIVIDUAL CLAIM

19. Plaintiff incorporates paragraphs 1-18.

**ANSWER: Defendant re-states its response to all prior paragraphs of its Answer as though fully set forth herein.**

20. Defendant violated 15 U.S.C. §1692e, 1692e(2), 1692e(8), and 1692e(10) by reporting the debt as that of plaintiff.

**ANSWER: Defendant denies the allegations of this paragraph.**

5

## COUNT II – FDCPA -- CLASS CLAIM

21. Plaintiff incorporates paragraphs 1-18.

**ANSWER:** **Defendant re-states its response to all prior paragraphs of its Answer as though fully set forth herein.**

22. Defendant violated 15 U.S.C. §1692f by placing the debt on plaintiff's credit report without prior or contemporaneous notice.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

## CLASS ALLEGATIONS

23. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**ANSWER:** **Defendant admits that Plaintiff purports to bring this action on behalf of a class. Defendant denies that any such class exists.**

24. The class consists of (a) all individuals with Illinois addresses (b) with respect to whom defendant reported a medical debt to a credit bureau (c) without notifying the person prior to or within 30 days after the report (d) where the report was made on or after a date one year prior to the filing of this action and ending 21 days after the filing of this action.

**ANSWER:** **Defendant admits that Plaintiff purports to bring this action on behalf of a class. Defendant denies that any such class exists.**

25. On information and belief, the class is so numerous that joinder of all members is not practicable.

**ANSWER:** **Defendant admits that Plaintiff purports to bring this action on behalf of a class. Defendant denies that any such class exists.**

26. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common questions are (a) whether defendant "parks" debts on credit reports without notifying the consumer and (b) whether such practice violates the FDCPA.

131349990v1 0985146

**ANSWER:** **Defendant admits that Plaintiff purports to bring this action on behalf of a class. Defendant denies that any such class exists.**

27. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:** **Defendant admits that Plaintiff purports to bring this action on behalf of a class. Defendant denies that any such class exists.**

28. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions.

**ANSWER:** **Defendant admits that Plaintiff purports to bring this action on behalf of a class. Defendant denies that any such class exists.**

29. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible; and

   b. Members of the class are likely to be unaware of their rights.

**ANSWER:** **Defendant admits that Plaintiff purports to bring this action on behalf of a class. Defendant denies that any such class exists.**

### AFFIRMATIVE DEFENSES

Defendant, CMRE FINANCIAL SERVICES, INC., by and through its undersigned counsel, and for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. Defendant affirmatively states that any violation of the Fair Debt Collection Practices Act was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. These procedures and protocols are reasonably adapted to avoid a violation of the Fair Debt Collection Practices Act, such as the one alleged in this case. Therefore, any alleged violation of 15 U.S.C. §1692 occurred as a result of a bona fide error.

2. If Defendant is found to be vicariously responsible for the alleged conduct of any other party, Defendant is entitled to rely upon the bona fide error defense of that other party as its own affirmative defense.

3. Plaintiff's claim is barred by whole or in part by the applicable statute of limitations.

131349990v1 0985146

4. Defendant affirmatively states that the Complaint fails to state a claim as a matter of law.

5. Defendant affirmatively states that the any alleged violation was due to the conduct of a third party wholly unrelated to Defendant.

6. Defendant asserts that, upon information and belief, arbitration may be the appropriate venue for Plaintiff's claims. Defendant may possess certain arbitration rights based on one or more contracts entered into by Plaintiff. As such, this matter may be precluded from proceeding within the United States District Court.

WHEREFORE, Defendant, CMRE FINANCIAL SERVICES, INC., prays that Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ Katherine H. Oblak
Katherine H. Oblak

David M. Schultz
Katherine H. Oblak
Hinshaw & Culbertson LLP
222 North LaSalle St., Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Facsimile: 312-704-3001
dschultz@hinshawlaw.com
koblak@hinshawlaw.com

8

## **CERTIFICATE OF SERVICE**

I, Katherine H. Oblak, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this on June 13, 2016.

| | | |
|---|---|---|
| __X_ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ___ | Facsimile | Daniel A. Edelman |
| ___ | Federal Express | Cathleen M. Combs |
| ___ | Messenger | James O. Latturner |

Sarah M. Barnes
EDELMAN, COMBS, LATTURNER &
 GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL  60603
courtecl@edcombs.com

David M. Schultz  /s Katherine H. Oblak
Katherine H. Oblak  Katherine H. Oblak
HINSHAW & CULBERTSON LLP  One of the Attorneys for Defendant
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Facsimile: 312-704-3001
dschultz@hinshawlaw.com
koblak@hinshawlaw.com